## Catanzaro & Sons, Inc., Appellant, *v.* Southern Pacific Company.

*Carriers—Unreasonable delay in transportation—Action for—Evidence—Judgment n. o. v.*

In an action in trespass to recover damages resulting from delay in an interstate shipment of two cars of fruit, judgment for defendant non obstante veredicto was properly entered, where the bill of lading provided that the defendant carrier need only deliver with reasonable dispatch and there was no evidence of unreasonable delay in making delivery.

In the absence of a special contract binding the carrier to deliver within a specified time, delay in transportation, unless it be for an unreasonable period, does not create any liability to respond in damages.   As to the diligence and care required in completing the express or implied contract for transportation only, the rule is that the carrier is bound to use reasonable diligence and care and that only negligence will render it liable, unless a stipulated time is fixed

in the contract. The shipper assumes the risk of unavoidable accidents and of usual and ordinary delays incident to the ordinary conduct of the carrier's business.

The fact that the time occupied in the transportation or delivery of the consignment is unusual is not of itself conclusive of unnecessary delay, unless it is so long as clearly to compel a conviction that it was longer than was necessary. It must be so unusual as to be more reasonably attributable to the negligence of the carrier than to any of the causes of delay to which the transportation, by reason of the mode, time, route, speed of carriage or other circumstances implying negligence, is known to be exposed.

Argued April 27, 1927. Appeal No. 133, April T., 1927, by plaintiff from judgment of C. P. Allegheny County, October T., 1923, No. 2688, in the case of S. Catanzaro & Sons, Inc., a corporation, v. Southern Pacific Company, a corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for delay in shipment of fruit. Before FORD, DREW and MOORE, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $767.75. Subsequently, upon motion of defendant, the court entered judgment non obstante veredicto in favor of the defendant. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*Guy B. Hoge,* for appellant.—Evidence of unusual delay in the movement of the shipment of freight in interstate commerce is sufficient to constitute a prima facie case of negligence against the carrier: Cincinnati, N. O. & T. P. Ry. Co. v. Rankin, 241 U. S. 319; Southern Express Co. v. Byers, 240 U. S. 612; Cleveland C. C. & St. L. R. Co. v. Dettlebach, 239 U. S.

588; Missouri K. & T. R. Co. v. Harriman, 227 U. S. 657; Michigan C. R. Co. v. Vreeland, 227 U. S. 59.

*Carl E. Glock,* and with him *J. P. Blair* and *Reed, Smith, Shaw & McClay,* for appellant, cited: Davenport v. P. R. R. Co., 10 Pa. Superior Ct. 47; Keller v. P. R. R., 17 D. R. 920; Ruppel v. Allegheny Valley Ry., 167 Pa. 166; Joynes v. Pennsylvania R. R. Co., 235 Pa. 232.

OPINION BY LINN, J., July 8, 1927:

Plaintiff corporation appeals from a judgment entered for the defendant notwithstanding a verdict for plaintiff. It sued for damages alleged to result from delay in transporting to Pittsburgh, two cars of fruit from different shipping points in California, a distance of some 2,600 miles. The car of pears left Cordelia, California, August 18th in the evening and arrived in Pittsburgh August 29th, at 10.15 A. M., the trip taking between 10 and 11 days. Plaintiff had notice of the arrival at 10.40 A. M. It avers that the car should have arrived at Pittsburgh on August 28th, and that the day's difference subjected the contents to a decline in market price. The car of oranges left West Anaheim, California, during the evening of September 4th (the documentary evidence conclusively fixed that date) and arrived in Pittsburgh on Saturday, September 16th, at 5.30 A. M., the trip taking about 11½ days; there was prompt notice of arrival. Plaintiff avers that delayed transportation subjected the shipment to a decline in market price between that day and Monday, September 18th, when it was sold. The contents of both cars were delivered in good condition.

The bill of lading provided: "No carrier is bound to transport said property by any particular train ...... or in time for any particular market or otherwise than with reasonable dispatch ......" It will be

observed that while the contract provided that the carrier need not transport in time for any particular market, or otherwise than with reasonable dispatch, plaintiff's contention is just the contrary. It contends, in substance, that the carrier must transport in a given time and must make a particular market; plaintiff expresses that by saying that delivery should have been made in Pittsburgh in time for the early market on the tenth morning after the shipments left California.

The agreement meant that there should be no liability for delay unless an unreasonable time was taken for the transportation. When the evidence is examined to see whether it contained anything from which the jury could be permitted to find that unreasonable time was taken in transportation, nothing is found which should have been submitted to the jury to support such a finding, with the consequence, of course, that it was the duty of the court to declare there was no evidence of breach of contract. There was evidence offered by the plaintiff that shipments sometimes arrived from California in nine days, sometimes on the tenth morning, in ten days, and so on, and some cars from West Anaheim took twelve to fourteen days; from Cordelia they took as long as thirteen days. If the time actually consumed in transporting these two cars be compared with the ten day period which plaintiff arbitrarily selects as the period marking the difference between transportation with reasonable dispatch and unreasonably delayed transportation, it will be noticed that the excess time over what plaintiff allows is relatively very small, for in estimating and determining what is unreasonable delay, account must be taken of the distance to be traveled, of the various routes of different mileage, of the different points of origin, of the season and of the fact that the bill of lading required these cars to be iced.

Plaintiff doubtless selects the ten day period as its standard because a witness said that was the usual and ordinary running time for transportation from California, but his characterization does not make it so; that evidence is only one element in the problem, which was, whether from all plaintiff's evidence on the subject, the court could determine that there had been unreasonable delay, or whether the jury should find that fact. The same witness, when asked, could not say whether a majority of the shipments did not require eleven and twelve days, though he said many shipments made the twelfth morning.

Plaintiff had the burden of producing evidence which the court could properly submit to the jury, to find whether there was unreasonable delay as to these two shipments. The evidence offered did not measure up to the rule. Illustrations of sufficient evidence in such cases are found in Ruppel v. Rwy. Co., 167 Pa. 166, in which it appears that a shipment of potatoes from Pittsburgh to Buffalo took five days, though ordinarily it should have taken only two; in Joynes v. R. R. Co., 235 Pa. 232, transfers from one yard to another in Pittsburgh, which should have taken six hours, took from two to seventeen days; in R. R. Co. v. Produce Ex., 240 U. S. 34, a shipment ordinarily requiring twenty-seven hours for transportation was not delivered until six hours later. In 10 C. J., p. 284, it is said: "Hence the rule is one of general application that, in the absence of special contract binding the carrier to deliver within a specified time, mere delay in transportation does not create any liability to respond in damages. As to the diligence and care required in completing the express or implied contract for transportation only, the rule is that the carrier is bound to use reasonable diligence and care, and that only negligence will render it liable, unless a stipulated time is fixed in the contract. The shipper assumes

the risk of unavoidable accidents, and of usual and ordinary delays incident to the ordinary conduct of the carrier's business ......." At p. 287 it is said: "The fact that the time occupied in the transportation or delivery of the consignment is unusual is not of itself conclusive of unnecessary delay, unless it is so long as clearly to compel a conviction that it was longer than was necessary. It must be so unusual as to be more reasonably attributable to the negligence of the carrier than to any of the causes of delay to which the transportation by reason of the mode, time, route, speed of carriage, or other circumstances implying negligence is known to be exposed ......" See also 4 R. C. L. Sec. 207, p. 738.

As there is no evidence from which the jury should have been permitted to find that there was unreasonable delay, the plaintiff has not entitled itself to recover.

Judgment affirmed.