## American Fruit Growers, Inc., to use of Louis Sabarof, Inc., v. Pacific Electric Railway Company et al.

*W. Meade Fletcher, Jr.* (with him *White & Wetherill*), and *J. Howard Rhoads*, for rule.

*Samuel L. Einhorn,* contra.

STERN, P. J., Nov. 3, 1928.—This is a rule to show cause why a writ of foreign attachment should not be dissolved. The rule was taken by the Pennsylvania Railroad Company, garnishee, and the contention is that the plaintiff's affidavit of cause of action is insufficient in several respects. One of these is that the affidavit is not positive, in that the facts alleged therein are stated to be true and correct merely to the best of the affiant's knowledge, information and belief. This point seems to be well taken: McLennan *v.* Public Utilities Construction Co., 245 Pa. 567.

Another complaint is that it is not shown that there was an unreasonable delay in the shipment, but merely that the consignment arrived a day later than the "ordinary usual and normal time consumed by similar shipments."

This point also seems to be well taken, in that it is not enough to allege or prove that the time occupied in transportation is unusual; it must be so unusual as to be more reasonably attributable to the negligence of the carrier than to any of the ordinary causes of delay. The bill of lading itself says "that the carrier is bound only to proceed with reasonable dispatch." While it is true that in the sixteenth paragraph of the affidavit it is alleged that the defendant failed to use reasonable care and diligence in making delivery with reasonable dispatch, the paragraph goes on merely to say that "had the shipment been carried within the ordinary usual and normal time consumed by similar shipments," etc., the shipment would have arrived a day earlier, but there is no direct statement that the shipment in fact was not made with

reasonable dispatch, even though the transportation took a day longer than usual: Catanzaro & Sons Inc. *v.* Southern Pacific Co., 90 Pa. Superior Ct. 578.

Another defect in the affidavit is that it states merely that the goods were found to be in a deteriorated and damaged condition, without stating in what respect or to what extent. Moreover, in estimating the alleged damages, it is said that the fair and reasonable market value of the commodity at Philadelphia on Oct. 24, 1927, is $1200, whereas the fair and reasonable market value of the said commodity at Philadelphia on Oct. 25, 1927, in the condition in which it arrived was $972, and the loss claimed is the difference of $228. It is not shown by the affidavit, therefore, whether this difference was due partly or entirely to the condition of the merchandise or partly or entirely to the fact of a day's difference in the market. For a change in the market, the difference would not, under the terms of the bill of lading, be recoverable. The question, therefore, is not as to the difference in value of the commodity on the two days, but as to the difference between the value of the goods as it would have been had they arrived in good condition as compared with their value in the alleged deteriorated condition, irrespective of any difference in the market values of the commodity generally as between the two days in question.

Finally, it would seem, under the authority of Davis *v.* Farmers' Co-operative Equity Co., 262 U. S. 312, and Atchison T. & S. Ry. Co. *v.* Wells, 265 U. S. 101, that an attachment in the present case would be a burden on interstate commerce, and, therefore, in violation of the commerce clause of the Constitution. The plaintiff, as appears from the bill of lading, is American Fruit Growers, Inc., of California; the defendant is Pacific Electric Railway Company, a foreign corporation of the State of California. Where the act of negligence complained of occurred does not appear; there is nothing to indicate that it occurred in Pennsylvania. We, therefore, have a case where a resident of California has a claim against a railway company also domiciled in California and seeks to enforce its claim by attachment proceedings in Pennsylvania, and, as above pointed out, without any allegation that the cause of action arose in this State. To make a transportation company come from California to Pennsylvania to establish its defense as against a resident of California would clearly seem to be a burden on interstate commerce within the principle laid down in the authorities cited; while permissible under the laws of Pennsylvania, it would, in interpreting the laws of Pennsylvania to give such a right to the plaintiff, involve a violation of the commerce clause of the Constitution. It is true that in the State of Missouri *v.* Taylor, 266 U. S. 200, it was held that the attachment in that case was proper, but the ground for the distinction appears to have been that there the plaintiff was a resident of the state in which the attachment was brought, that is to say, had a usual place of business within that state. In the present case, it does not appear that American Fruit Growers, Inc., of California, had any place of business or any domicile in the State of Pennsylvania, and, therefore, the case would seem to come within the scope, not of the last mentioned but of the two prior cases referred to. It is incumbent upon the plaintiff in its attachment to set forth all the facts necessary to establish jurisdiction. It is true that it is alleged that the use-plaintiff is a citizen of Pennsylvania, but the recovery must be had according to the status of the legal plaintiff, and jurisdiction cannot be conferred merely by an assignment of the plaintiff's claim.

For the reasons thus indicated, the rule to dissolve the attachment is made absolute.