# Rosen v. Railway Express Agency, Inc.

*Ned Stein*, for plaintiff.

*James E. Riely* of *White & Williams*, for defendant.

BLUETT, J., June 19, 1946.—This is an action of assumpsit brought to recover a loss of $1,519.25 alleged by plaintiff, as consignee, to have been sustained on a carload shipment of cherries accepted by defendant for transportation by express from Yakima, Washington, to Philadelphia, Pa. Plaintiff alleges that the loss was due solely to a delay of one day in the car's arrival in Philadelphia, by reason of which, because of a decline in the market value of the cherries, plaintiff was compelled to sell them at a lower price. There

was no claim of physical damage or deterioration, and plaintiff admitted the cherries arrived in Philadelphia in good condition.

At the conclusion of plaintiff's case, upon defendant's motion the court granted a nonsuit.

Motion to remove nonsuit is now before the court on the grounds that the trial judge erred in entering the nonsuit, and there was error in excluding testimony of plaintiff as to schedules for express cars from Yakima, Washington, to Philadelphia.

Plaintiff conducts a wholesale fruit and produce business in Philadelphia. On June 23, 1943, a car containing 1,491 lugs of Western Bing cherries was accepted by defendant at Yakima, Washington, consigned to plaintiff at Philadelphia. The uniform express receipt issued by defendant and under which the shipment moved shows that defendant accepted the car in Yakima at 8 p.m. June 23, 1943. By paragraph 4 of the terms and conditions of the uniform express receipt, on the reverse side thereof, it was agreed by the parties that "unless caused in whole or in part by its own negligence or that of its agents, the company defendant shall not be liable for loss, damage or delay caused by . . . (d) The Act of God, public enemies, authority of law . . . the hazards or dangers incident to a state of war . . ."

The car arrived in Philadelphia and became available for the market on the morning of June 29, 1943, the *sixth* morning after acceptance by defendant at Yakima, so that the total time of transit was approximately five and one half days. The only evidence presented by plaintiff as to the delay was the testimony of his traffic manager, who said he was familiar with express schedules, that at the time of the shipment in question the express schedule for shipments from Yakima, Washington, to Philadelphia called for delivery on the *fifth* morning in Philadelphia, and the car-

load with which we are here concerned was "one day late" in arriving.

Plaintiff offered no evidence as to the cause for the alleged delay or whether or not it was due to defendant's negligence or to causes beyond its control.

Plaintiff offered his own testimony as to the express schedule but the trial judge refused to admit it on the ground that plaintiff had not qualified sufficiently as to knowledge of the schedules.

Although the car arrived in Philadelphia early on the morning of June 29th, and could have been sold on that day, it was not sold until two days later, on July 1st. There was no market for cherries of this type and brand on June 29th, or on the next day, the 30th, and none were offered for sale. Plaintiff was allowed to testify, however, from his "knowledge of the market conditions", over defendant's objection, that he would have realized certain prices for various grades of the cherries in question if they had been sold on June 29th when they arrived and were ready for market.

The only proof presented by plaintiff was that the express shipment took five and a half days in transit, whereas express cars were scheduled to arrive in Philadelphia one day earlier. It would seem that this evidence was insufficient to show a cause of action against defendant.

The general rule as to the liability of a common carrier for delay in shipment is that there must be proof that the delay was due to its negligence. Mere delay is not sufficient to create liability in damages, unless the delay was of such a protracted length that negligence can be inferred: 13 C. J. S. §191, pp. 390-391.

This general rule is the law of Pennsylvania: Catanzaro & Sons, Inc., v. Southern Pacific Co., 90 Pa. Superior Ct. 578, and American Fruit Growers, Inc., to use, v. Pacific Elec. Ry. Co. et al., 11 D. & C. 291.

In the instant case there was no evidence as to the usual and normal time required for shipments by express from Yakima to Philadelphia, except for the testimony of plaintiff's traffic manager that the schedule called for express cars to arrive "for the fifth morning's sale in Philadelphia". There was no evidence that this schedule was in fact followed or met. Shipments are not always precisely the same in transit and train schedules are not and cannot always be met. They are often subject to delays over which a common carrier such as the Railway Express Agency can have no control. Particularly was this true in June 1943, when this country was at the height of its war effort, and when the transcontinental railroads had a volume of traffic never approached in their history. The uniform express receipt, which constituted the written contract between the parties, exempts defendant from liability for delay due to the hazards of war. It contains no provision requiring the car to be transported in any specified time, or according to any specified route or schedule.

Plaintiff's evidence was merely that a transcontinental shipment arrived a day later than the schedule. A jury should not be permitted to infer from this testimony alone that there was an actual delay of a day, and that the delay was solely the result of defendant's negligence. Any one of a number of other reasons might be responsible for it. Such a holding would be to allow the jury to replace a verdict based on evidence with speculation and conjecture.

The other ground set forth in the motion to remove the nonsuit is that the trial judge erred in excluding plaintiff's testimony as to the express schedule from Yakima to Philadelphia. If plaintiff were qualified by experience and knowledge to state the schedule, and his testimony admitted, no harm was done, as the same testimony was later offered and received in evidence

from a better qualified witness, plaintiff's traffic manager. Had plaintiff's testimony been admitted, no change in the disposition of the case could result. Plaintiff would have probably testified to the same schedule as his traffic manager. Plaintiff cannot claim that his case was prejudiced by the refusal of this evidence, since he ultimately introduced the same evidence by another witness, and the error of the trial judge, if any, was completely cured.

The court is of the opinion that the trial judge was correct in entering a nonsuit, and the motion to remove same is refused.

NOTE.—An appeal was taken by plaintiff from the foregoing decision to the Superior Court of Pennsylvania and the judgment was affirmed: 160 Pa. Superior Ct. 122.