## HARLEY v. CHARLESTON STEAM-PACKET COMPANY.

September 29, 1838.

*Rule to show cause of action and why the foreign attachment should not be dissolved.*

The seventy-sixth section of the act of 13th June, 1836, allowing foreign attachment against a foreign corporation, does not by the words " foreign corporation" refer to the residences of the corporators, but to the place where the charter was granted.

THIS was a foreign attachment to March 7, 1838, No. 162. The defendant obtained a rule to show cause of action, and why attachment should not be dissolved.   On the hearing of the rule, the following affidavits were read.

"Benjamin F. Harley being duly sworn according to law, saith that he is the clerk and book-keeper of his father George Harley, the above named plaintiff.   That the Charleston and Philadelphia Steam-packet Company, the above named defendant, is justly and fairly indebted to the above named plaintiff, in the sum of one hundred and seventy-four dollars and two cents, due and unpaid, for goods sold and delivered by said plaintiff, to said company at their request.   And deponent further saith, that the said Charleston and Philadelphia Steam-packet Company is a foreign corporation, chartered and incorporated

[Harley v. Charleston Steam-Packet Company.]

by the State of South Carolina, and further, that the above named plaintiff, his father, is confined to his house by sickness."

" James M. Averill, of the county of Philadelphia, being duly sworn, declares that he superintended the building of the Steam Packet Charleston, owned by the defendants. The said steam packet was built at Kensington, Philadelphia. The office and place of business of the defendants is at Philadelphia, and always has been. Deponent does not know of any other office or place of business than that in Philadelphia. Their office is and always has been on Girard's Wharf, above Market street, in Philadelphia. The secretary of the company is John L. Wilson of Philadelphia, who attends daily at the office. He has been secretary since the first establishment of the company. The president of the company is Thomas Earp, of Philadelphia. He has been president since the first incorporation of the company. The following persons, all permanent residents of the city of Philadelphia, are directors of the company, viz.: Benjamin Reeves, C. C. Haven, J. B. Clement, Allen Reeves. He believes also that B. W. Tingley, of Market Street Philadelphia, is a director. All the business of the company, as far as deponent has any knowledge of it, has always been transacted in Philadelphia. Deponent as superintendent, made some purchases in behalf of the company, of Mr. Harley the plaintiff. The articles purchased were to be used in the constructing and building of the boat. Mr. Harley knew that the boat was built here. That the president, secretary, and several directors resided here, and that the office and place of business of the company were in Philadelphia."

*James S. Smith*, for the rule, admitted that the defendants were incorporated by the State of South Carolina, but alleged that as its place of business, and the individual residences of the corporators were here, the case did not fall within the scope of the act of 13th June, 1836, section 74, (*Stroud's Purd. tit. Foreign Attachment*,) which prescribes that " a writ of attachment in the form aforesaid, may be issued against any *foreign* corporation, aggregate or sole, &c. &c." That the residence of a corporation is where its place of business is, where the corporators reside, and where their property is. *Angell and Ames on Corp.* 212, 214, 215 note; 5 *Cranch* 61, 64, 86, 89; *Const. U. S. Art.* 3, § 2, *par.* 20.

*Whitman*, contra.

[Harley v. Charleston Steam-Packet Company.]

The opinion of the court was delivered by

JONES, J.—The 76th section of the act of 13th June, 1836, must be understood to refer to a definable subject. And the question is, whether the legislature intended by the description "foreign corporation," an incorporation chartered by another state, or persons of another state incorporated, either by this or another state. If we may presume that the legislature intended some easily ascertainable fact, we cannot suppose they intended to refer to the residence of the corporators. In many cases, it would be impossible to ascertain this. But in point of law, the character of the corporation, in this respect, depends upon the place of the charter granted.

Rule discharged.