## Schueck, Appellant, *v.* Freeman.

*Foreign attachment—Affidavit of cause of action—Supplemental affidavit—Practice, C. P.*

1. Where the plaintiff in a foreign attachment files with his præcipe an affidavit of cause of action, he may thereafter file a supplemental affidavit, if he does so before he is called upon to show cause of action. Eldridge v. Robinson, 4 S. & R. 548, distinguished.

2. An averment in an affidavit of a cause of action in foreign attachment "that the defendants are not residents of the commonwealth of Pennsylvania," is not a sufficient averment that defendants were non-residents of the commonwealth or were not in the commonwealth at the time of the issuing of the writ.

3. Upon the hearing of a rule to quash a foreign attachment the court has jurisdiction to inquire into the question of residence, and to receive proof bearing thereon; and as, ordinarily, the facts are not brought on the record, the general rule is that the action of the court in quashing the writ is not reviewable.

4. A foreign attachment to recover for goods sold and delivered, and for commission on goods sold, will be quashed where the statement of

demand does not set forth the contract, or specify what goods were sold and delivered, nor what were the goods for the sale of which the plaintiff claimed a commission.

Argued April 30, 1913.   Appeal, No. 152, April T., 1913, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1912, No. 236, quashing writ of foreign attachment in case of H. L. Schueck v. Philip Freeman et al., trading as Philip Freeman & Bros.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to quash writ of foreign attachment.

SWEARINGEN, J., filed the following opinion:

The plaintiff commenced the above action by issuing a writ of foreign attachment.   In accordance with the practice the plaintiff filed an affidavit at the time the præcipe was issued, in which he claimed that the defendants were indebted to him in the sum of $690, "for which the said defendants are answerable to the said plaintiff in an action of assumpsit on book account for goods and merchandise sold and delivered by the said plaintiff to the said defendants,"—"and for commission on goods and merchandise sold by the said plaintiff for the said defendants."

There was no averment in said affidavit that the defendants were nonresidents, nor was there any averment that they were not within the county of Allegheny at the time writ issued.

Subsequently, the plaintiff filed a supplemental affidavit in which he averred that the defendants were nonresidents of the commonwealth, but there was no averment in this supplemental affidavit that the defendants were not within the county of Allegheny at the time the writ issued.

Thereupon the defendants filed a petition and the court granted a rule to show cause why the said writ

of foreign attachment should not be quashed and the attachment dissolved.

The court will inquire into the cause of action of foreign attachment in the same manner as on a capias where the defendant's person is taken into custody, and for similar reasons, and will proportion the bail according to the justice and extent of the plaintiff's demand, or if no sufficient cause of action be shown the court will discharge the property from the attachment: Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

The affidavit filed by the plaintiff in the above-stated case does not show what goods, if any, were sold by the plaintiff to the defendants. Neither does the affidavit disclose on what goods the plaintiff claims he is entitled to a commission from the defendants. Nor is there any averment in said affidavit showing what damages the plaintiff claims he is entitled to recover. If the plaintiff is entitled to recover commissions on goods sold by him for the defendants, he should have set forth the contract upon which said goods were sold by him, the amount of goods sold and the dates upon which said sales were made. If he suffered any damages for breach of a contract, he should have set forth the contract in his affidavit and wherein the defendants committed a breach of the same, and likewise any damages which he claimed to have sustained by the breach. In said particularity, the affidavit filed by the plaintiff when the writ issued is, in our judgment, defective.

The supplemental affidavit filed by him does not state a cause of action with any greater degree of certainty.

It is true that in mere formal matters, amendments to affidavits showing cause of action have been allowed. But in matters of substance the rule seems to be different.

A plaintiff who seeks to avail himself of a remedy by writ of foreign attachment must bring himself within the rules which provide for such a remedy. He is required to state his cause of action with certainty so that

a party, whose goods are seized, may know for what cause they have been seized.

The plaintiff in foreign attachment will not be permitted to amend or supplement his affidavit of cause of action.

An affidavit on which the writ of foreign attachment is granted is subject to the same rules as to particularity and certainty as an affidavit to hold to bail: Sperry v. Ollie, 32 Pa. C. C. Rep. 71.

We are of the opinion that the plaintiff's affidavit showing his cause of action is fatally defective. We are likewise of the opinion that the supplementary affidavit, which was filed without leave of court, is likewise fatally defective, in respect to setting forth legally a cause of action. It follows that the rule must be made absolute.

*Error assigned* was the order of the court.

*Chas. T. Moore*, for appellant, cited: Nicoll v. McCaffery, 1 Pa. Superior Ct. 187; First Nat. Bank v. Crosby, 179 Pa. 63; Chesborough v. Dodd, 2 W. N. C. 126; Redwood v. Consequa, 2 Browne, 62; Davis v. Mayer, 6 Lancaster Law Rev. 209.

No printed brief for appellee.

OPINION BY RICE, P. J., October 13, 1913:

The plaintiff began an action of assumpsit against the defendants by foreign attachment, and with his præcipe filed an affidavit of cause of action. This affidavit did not aver that the defendants were nonresidents of the state, nor that they were not within the county of Allegheny at the time the writ issued. After the writ had been returned served on the garnishee and nihil habet as to the defendants, the plaintiff, without leave of court, filed a second or supplemental affidavit identical with the original except for the addition of the words,

"and that the defendants are not residents of the commonwealth of Pennsylvania." Subsequently the defendants presented a petition to court, in which it was averred that "said affidavits of plaintiff's cause of action" (copies of which were attached as exhibits) "are vague and indefinite and do not set forth a good cause of action." Thereupon the court granted a rule upon the plaintiff to show cause why the writ should not be quashed and the attachment dissolved. From the order making absolute this rule the plaintiff took the present appeal.

When the Supreme Court had nisi prius jurisdiction, it declared, as a rule of practice, that, if, upon hearing of a rule to show cause of action in foreign attachment, the plaintiff's affidavit was found to be defective in substance, the court would not permit it to be amended or supplemented: Eldridge v. Robinson, 4 S. & R. 548. It has been suggested that this rule may be applicable here. We are unable to adopt this suggestion. The second or supplemental affidavit was filed by the plaintiff before he was called upon to show cause of action, and, therefore, the case is neither within the letter nor the reason of the rule above cited. See Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60. But it is to be borne in mind that, while a detention of goods may not be so grievous as imprisonment of the body, yet there are cases in which it may do great injury, and even be ruinous, to the defendant. It is but reasonable, therefore, that the plaintiff, when called upon to do so, should make out a sufficient cause for the resort to this remedy, and leave nothing essential thereto to uncertain inference. Eldridge v. Robinson, 4 S. & R. 548. Accordingly, it was held in Hallowell v. Tenney Canning Co., 16 Pa. Super. Ct. 60, that the affidavit of cause of action ought to set forth all the facts, jurisdictional and otherwise, constituting a cause of action in foreign attachment, and, upon reconsideration of the question, we are not convinced that this is not the true rule. Therefore, while the second or supplemental affidavit-could properly be read on the

hearing of the rule, we are constrained to the conclusion that it is as defective as the first, in that it does not distinctly aver that the defendants were nonresidents of the commonwealth at the time of the issuing of the writ.

Another consideration is to be borne in mind. Upon the hearing of a rule to quash a foreign attachment, the court has jurisdiction to inquire into the question of residence, and to receive proof bearing thereon; and as, ordinarily, the facts are not brought on the record, the general rule is that the action of the court in quashing the writ is not reviewable: Holland v. White, 120 Pa. 228; First Nat. Bank of Omaha v. Crosby, 179 Pa. 63; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187. Perhaps it may be reviewable where all the facts are brought on the record in some legitimate way (Nicoll v. McCaffrey) and error of law or abuse of discretion appears. But, in view of the deficiencies of the plaintiff's affidavits, to which we have alluded, as well as those in the statement of his demand, which are pointed out in the opinion of the learned judge below, we cannot say that it affirmatively appears by the record that the court committed error of law or was guilty of abuse of discretion in quashing the writ.

The order is affirmed.