McLennan, Appellant, *v*. Public Utilities Construction Company.

*Practice, C. P.—Foreign attachment—Affidavit to cause of action—Rule to dissolve.*
The affidavit to the cause of action in foreign attachment proceedings must be positive. A rule to show cause why a foreign attachment should not be dissolved, will be made absolute where the affidavit to the cause of action concludes "all of which facts are true to the best of deponent's knowledge and belief."

Argued April 28, 1814.   Appeal, No. 361, Jan. T., 1913, by plaintiff, from judgment of C. P. Erie Co., Sept.

T., 1913, No. 68, making absolute rule to show cause why foreign attachment should not be dissolved in case of D. McLennan v. The Public Utilities Construction Company, a Corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule to show cause why a foreign attachment should not be dissolved. Before WALLING, P. J.

The affidavit to the cause of action concluded "all of which facts are true to the best of deponent's knowledge and belief." The plaintiff filed an amended statement of demand and an affidavit thereto which had the same conclusion as the affidavit to the original statement. The court made absolute the rule to dissolve the attachment. Plaintiff appealed.

*Error assigned* was in making absolute the rule to dissolve the attachment.

*Clark Olds,* for appellant.

*Frank Gunnison,* of *Gunnison, Fish, Gifford* and *Chapin,* for appellee.

PER CURIAM, May 22, 1914:

The rule to show cause why the foreign attachment issued in this case should not be dissolved was made absolute for the reason that the affidavits to the cause of action were not positive. As early as 1789 it was decided in Miltenberger v. Lloyd, 2 Dallas 79, that foreign attachments would be dissolved, if under the same circumstances, in the case of a capias, common bail would be ordered. In Jacoby v. Gogell, 5 Sergeant & Rawle 450, it was held that it was not sufficient for a plaintiff in a foreign attachment to swear to facts from which a jury might or might not infer a contract and that the oath must be positive as to the making of the contract or to facts from which a contract would be necessarily

implied. In Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60, it was said by RICE, P. J., that "Upon a rule to show cause of action a positive affidavit must be filed, such as would, if false, subject the affiant to indictment for perjury; therefore, the plaintiff's unsworn statement of claim will not be looked to by the court to supply fatal omissions from the affidavit." Whether a supplemental affidavit should be considered by the court, on the hearing of a rule to show cause of action it is unnecessary to consider, since the one offered was no more positive than the original. The averment in each, as to the cause of action, was to the truth of the facts set forth "to the best of deponent's knowledge and belief."

The order appealed from is affirmed.