Fred Morinelli, Jr., Appellant, *v.* H. P. Garin Company et al.

Argued October 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

512

*Isaac G. Gordon Forster,* for appellant.

*Charles F. Phillips,* and with him *John J. Sullivan,* for appellee.

Opinion by Baldrige, J., December 27, 1930:

This was an action of assumpsit begun on December 3, 1929, by issuing a foreign attachment; on January 21, 1930, an affidavit of cause of action in assumpsit was filed; and on February 4, 1930, a rule was granted at the instance of the Market Street National Bank, garnishee, to show cause why the attachment should not be dissolved. This rule was made absolute, which is the cause of appellant's complaint.

It is contended upon the part of the appellant that the learned court below failed to consider a supplemental affidavit filed by him. It appears from the opinion filed by the trial judge that when the rule was argued to show cause why the attachment should not be dissolved, counsel for the plaintiff stated that an amended affidavit had been filed, but there was no record of that fact and no amendment was in the hands of any court official. No such amendment appears on the record before us and, furthermore, the refusal of the court below to consider the supplemental affidavit filed is not included in the statement of questions involved. Therefore, the only matter for our consideration is the sufficiency of the original affidavit filed by the plaintiff.

The plaintiff in his cause of action avers that "the defendant is a non-resident of the State of Pennsylvania but has property and choses in action located in the State of Pennsylvania." The lower court held that the averment was insufficient because the plaintiff failed to aver (1) that the defendant had no place of business, office, or agent within the State of Pennsylvania, where or upon whom process could be served; (2) that there were goods or choses in action belonging to the defendant liable to attachment, within the state, in the hands of the garnishee, at the time the writ was issued; and (3) that the defendant was the owner of property within the jurisdiction of the court.

Process by foreign attachment is a creature of statute. Being in derogation of the common law it must be construed strictly. It has been rightly said that foreign attachment is a method of securing an appearance to a personal action; a process by which to commence a personal action and compel an appearance: Raymond v. Leishman, 243 Pa. 64, 69; Albany City Ins. Co. v. Whitney, 70 Pa. 248. It is that, but it is not only that. Its objects and purposes are best revealed by the provisions of the statute. It seizes property not merely to compel an appearance, but also to afford the plaintiff a convenient means of satisfying his claim when reduced to judgment, without going to the domicile of the foreign defendant to enforce it. "The first object of such proceeding is to seize the property of the absent debtor": Mindlin v. Saxony Spinning Co., 261 Pa. 354, 356. This is apparent from the fact that the entering of a general appearance to the action by the defendant does not dissolve the attachment; in order to do so, he must put in and perfect bail absolute to the plaintiff's action in such sum as may be demanded or ordered by the court: Act of June 13, 1836, P. L. 568, Sec. 62. Unless and until that is done, the attachment remains, irrespective of an appearance by the defendant.

The Act of June 13, 1836, P. L. 568, makes a distinction, as respects foreign attachments between those issued (1) against persons or partnerships and (2) against corporations, and this distinction is not affected by its amendments of March 30, 1905, P. L. 76, and June 21, 1911, P. L. 1097, which were enacted to extend the provisions of the Act of 1836 so as to apply to actions *ex delicto* as well as *ex contractu*. By section 44 it is provided that a foreign attachment may be issued against the real or personal estate of any person (1) not residing within this Commonwealth and (2) not being within the county in which such writ shall issue at the time of the issuing thereof. The three requisites, therefore, for the issuing of a foreign attachment against a person (or persons) are: (1) The defendant's non-residence in the Commonwealth; (2) his absence from the county at the issuing of the writ; (3) the presence of the defendant's property, real or personal, within the jurisdiction of the court—that is, within the county—at the time of serving the writ, or as to intangible property, that there is, at the time of serving the writ, money, or choses in action, accounts, credits, etc., of the defendant in the possession of, or due or owing him by, some one capable of being summoned as garnishee within the county: Wiener v. American Ins. Co., 224 Pa. 292; Kennedy v. Schleindl, 290 Pa. 38; Falk Co. v. American Exp. Co., 79 Pa. Superior Ct. 99; Schueck v. Freeman, 55 Pa. Superior Ct. 38. The plaintiff's affidavit of cause of action, therefore, should have averred definitely these three things in addition to the facts on which his claim is based.

As to corporations, section 76 of the Act of 1836 provides that a writ of foreign attachment may be issued against any foreign corporation, aggregate or sole, while the amendment of 1911, supra, authorizes such a writ against the real or personal estate of any

corporation incorporated under the laws of any other state or nation, which is the equivalent of "foreign corporation" in the Act of 1836: Harley v. Charleston Steam Packet Co., 2 Miles 249. The only two requisites, therefore, for the issuing of a foreign attachment against a corporation are: (1) That the defendant is a foreign corporation; (2) the presence of the defendant's property, real or personal, within the county, at the time of the issuing of the writ, or as to intangible property, that there is money, etc. of the defendant in the possession of, or due or owing it by, some one capable of being summoned as garnishee within the county. It is not required by the act that the corporate defendant shall not have a place of business, office or agent within the county or state upon whom process could be served; and, hence, the affidavit of cause of action need not aver it. The Legislature has seen fit to discriminate between foreign and domestic corporations, by making the property of the former within its borders subject to foreign attachment, and it has placed no restrictions on this right by limiting it to such corporations as cannot be served with process in Pennsylvania. It is one of the disadvantages which persons in corporating in a foreign state will have to weigh against the advantages they expect to gain by such action. That the state has a right so to discriminate is without question. A corporation is not a citizen within Art. IV, Sec. 2, of the federal constitution, or the 14th amendment: Paul v. Virginia, 8 Wall. 168; Western Turf Assn. v. Greenberg, 204 U. S. 359; Selover Bates & Co. v. Walsh, 226 U. S. 112. And in Chase v. Ninth Nat. Bank, 56 Pa. 355, our Supreme Court held that a resident of another state who has an agent or clerk and a place of business in this state, but was himself not within the county at the issuing of the writ, is not exempt from process by foreign attachment.

But the plaintiff's difficulty in this case is that he has not complied with the requisites necessary for the issuance of a foreign attachment against either a person or a corporation. He has not averred in his affidavit that the defendant is a foreign corporation, and we can make no intendment in his favor in that respect; and if the defendant, therefore, is to be regarded as a person or partnership, he has not averred that, if an individual, he was not within the county of Philadelphia at the time of the issuing of the writ; or if a partnership, that none of the partners was within said county at the time of issuing the writ; and his averments as to the property of the defendant within the county fall short of the requirements as stated above.

For these reasons and not because we adopt all of the conclusions of the court below, we sustain the order dissolving the attachment.

Order affirmed.