Frankel *v.* Donehoo et al. (Nesbitt, Appellant).

Argued October 7, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.— It is clearly error to permit an amendment to an affidavit of cause of action, where it relates to matters of substance: Hurt v. Canneries Co., 263 Pa. 238; McLeod v. Hyman, 272 Pa. 582; Goldstein v. Distributing Co., 14 Pa. D. & C. 1; Schueck v. Freeman, 55 Pa. Superior Ct. 38.

Plaintiff in an affidavit of cause of action in foreign attachment is required to state such facts as would throw him open for perjury, if they are untrue: Schueck v. Freeman, 55 Pa. Superior Ct. 38; McLeod v. Hyman, 272 Pa. 583; Mindlin v. Spinning Co., 261 Pa. 354; Pottash v. Oil Co., 274 Pa. 384; Sabarof v. Ry., 92 Pa. Superior Ct. 286; Eldridge v. Robinson, 4 S. & R. 548; Jacobs v. Tichenor, 27 W. N. C. 35.

*Allen H. Kerr,* for appellee.

OPINION BY MR. JUSTICE KEPHART, December 4, 1931:
This is an appeal from the refusal of the court below to quash a writ of foreign attachment. Early in our judicial history, amendments to an affidavit of cause of action in a foreign attachment were not permitted: Eldridge v. Robinson, 4 S. & R. 548. We follow this practice "because we think it better adapted to produce certainty and avoid temptation to perjury." The fact that only goods and not the body was detained was held not a sufficient cause for a change of rule. "A detention of goods may not be so grievous......but may do great injury." Therefore, the foundation for the writ should be carefully and exactly laid.

Later practice by the lower courts and recognized by our own cases, showed an intention to relax the rigors of the old rule and to permit amendments: Mindlin v. Saxony Spinning Co., 261 Pa. 354, 357; G. B. Hurt, Inc., v. Fuller Canneries Co., 263 Pa. 238, 241, 242; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 479; Schueck v. Freeman, 55 Pa. Superior Ct. 42. It is now definitely settled that amendments to an affidavit of cause of action, or as it has been stated, to the statement of claim and affidavit of cause of action, may be made under certain circumstances after the attachment has issued.

To a better understanding of the nature and extent of amendments, it may be well to state some rules with respect to the affidavit. One who desires to use a foreign attachment must by his pleadings bring himself within the requirements of such remedy. He must state a good cause of action with certainty so that the party whose goods are seized may know the reason therefor. The statement must not be ambiguous or depend on conjecture or inference, and must state all jurisdictional facts. See Mindlin v. Saxony Spinning Co., supra; Pasquinelli v. Southern Macaroni Mfg. Co., supra. It does not necessarily follow that if there is an omission or a defect in the statement that such defect or omission is fatal to the proceeding or that it cannot be amended. We said in Hurt v. Fuller Canneries Co., supra, that a cause of action might be amended as to a matter of form but not a matter of substance. It is often quite difficult for a pleader or the court to know what is a matter of form or one of substance. We have laid down in other actions the same rule, but no test has been found in practice which would answer all objections. In Cassell v. Cooke, 8 S. & R. 268, we said, "The true criterion is, whether the alteration or proposed amendment, is a new and different matter,—another cause of controversy, or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff con-

siders will best correspond with the nature of his complaint, with his proof and with the merits of his case." In Rodrigue v. Curcier, 15 S. & R. 81, "When the merits of the case cannot be reached without an amendment, it is to be granted when the statement of facts has not been changed." To the same effect was Erie City Iron Works v. Barber, 118 Pa. 6, 7. These cases indicate that where there is an omission of a fact from the pleading, without which a trial on the merits cannot be safely had, the pleading may be amended. The extent to which this rule may be carried is obvious; of course, if the amendment changed the nature of the cause of action it could not be made. See Com., to use, v. Baxter Co., 235 Pa. 179, 186-8.

Substance has been stated as being susceptible to different conclusions according to the different circumstances and may be taken to have an exclusive or an inclusive meaning according to the subject to which it relates. It may be that in considering the rule as to amendment, the one laid down in Goldberg v. Friederich, 279 Pa. 572, 576, would appear to be the most workable. Would a judgment by default stand and would it bar any further action? Does the same measure of damage support both the amended statement and the original? Is the same defense open to each, and is the same measure of proof required? If the questions be answered in the affirmative, the amendment should be allowed, if not, it should be refused.

To analyze this a little more closely, "Would the judgment bar any further action?" If the pleadings were so uncertain that they would not bar a subsequent action, or so defective that they could not support the present action, a judgment by default would have no effect. Such judgments do not cure a totally defective statement, nor can such a judgment stand where a material fact necessary to its support is absent, nor will the judgment sustain the absence of jurisdictional authority to consider the case or to enter the judgment. In other

words, the record must be sufficient to support the judgment even though taken by default. Such judgments do not admit the sufficiency of the pleading in law to sustain a judgment, nor does it admit that the facts as stated constitute a cause of action. See 34 C. J. 173, sections 385, 386, page 174; see American Mfg. Co., to use, v. Morgan Smith Co., 25 Pa. Superior Ct. 176. It is of the utmost importance that every jurisdictional fact should be averred.

Though there might have been some errors in the original statement in this case, it did state a good cause of action, and when it was amended, it adhered to that cause and merely stated one of the details connected with it. Such an amendment should be allowed to effect a recovery upon the merits. The substantive facts of the cause of action were based on a contract pursuant to which moneys were advanced to defendant, and the dates and amounts are named, but the statement fails to aver they were given in Pittsburgh; this was a mere detail, and was really not necessary to be stated as a fact. We conclude, therefore, the amendment was properly made.

We stated in McLennan v. Public Utilities Construction Co., 245 Pa. 567, that the affidavit itself attached to the cause of action should be positive, and sufficient to hold the party to the crime of perjury if it turned out to be untrue. The original affidavit in this case averred that "The facts set forth in the foregoing statement of claim are true and correct to the best of his knowledge, information and belief." The court struck this affidavit down but permitted an amendment, and the amendment concluded with a flat affidavit as to truth. This was well within the rule and the court properly allowed the amendment.

Judgment affirmed.