## Kohl *v.* Lyons et al. (O'Malley, Appellant).

Argued October 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph B. Quinn,* for appellant.

*James McG. Mallie,* with him *James F. Boylan,* for appellee.

OPINION BY RHODES, J., January 29, 1937:

This is an appeal from the refusal of the court below to quash a writ of foreign attachment. The question for our consideration is whether it appears from the record before us that the court below erred in refusing to quash the writ. The record consists of affidavit of cause of action, plaintiff's statement of claim in assumpsit, and petition of garnishee for rule to show cause why writ of foreign attachment should not be quashed. Rule to quash the writ was issued and then discharged by the court below. This appeal by the garnishee followed.

If the affidavit of cause of action is sufficient the discharge of the rule was proper. The affidavit of cause of action sets forth that plaintiff is an undertaker of the city of Philadelphia; that defendant is "Arthur A. Lyons, who resides at Hillcrest Place, North Caldwell, New Jersey, but who has property located in the County of Philadelphia, State of Pennsylvania"; that plaintiff, at Philadelphia, at the special instance and oral request of defendant, furnished goods, merchandise and services to defendant in the nature of a complete funeral for the mother of defendant, of the character and for the prices set forth in copy of plaintiff's book of original entry attached thereto; that the prices charged for the merchandise and services were just and reasonable and the prices which defendant orally promised to pay plaintiff for the same; that there is a balance due of $314.58, which defendant has refused to pay after demand. The exhibit attached to the affidavit of cause of action sets forth such merchandise and services in the amount of $431 for funeral of Elizabeth M. Hines, and shows charge—"In account with Estate of Elizabeth Hines."

Appellant's objections to the affidavit of cause of action may be summarized as follows: (1) It is based on an oral promise to answer for the debt of another; (2) it attempts to hold defendant for a funeral bill on an original undertaking without reciting any individual advantage to the defendant from the alleged agreement; (3) the copy of plaintiff's book of original entry attached thereto discloses that nothing was sold or charged to the defendant, but that the charge was to a third party; (4) the affidavit lacks a positive oath, being on information and belief; (5) the affidavit does not aver that the defendant is a nonresident of Pennsylvania.

Process by foreign attachment is a creature of statute and is in derogation of the common law. *Morinelli*

*v. H. P. Garin Co. et al.*, 100 Pa. Superior Ct. 510. The foundation for the writ of foreign attachment is that the defendant is beyond the reach of process and his property within it. *Pennsylvania Railroad Co. v. Pennock,* 51 Pa. 244; *Raymond v. Leishman,* 243 Pa. 64, 69, 89 A. 791, 793; *David E. Kennedy, Inc., v. Schleindl,* 290 Pa. 38, 137 A. 815. For these reasons strict adherence to all requirements is necessary; and in our early judicial history amendments were not even permitted. *Eldridge v. Robinson,* 4 S. & R. 548; *Frankel v. Donehoo et al.,* 306 Pa. 52, 158 A. 570. It is still the rule that there can be no amendment as to matters of substance, although amendments to formal matters are now frequently allowed. *G. B. Hurt, Inc., v. Fuller Canneries Co.,* 263 Pa. 238, 106 A. 248; *Frankel v. Donehoo et al.,* supra. An affidavit of cause of action in a foreign attachment must still aver every jurisdictional and substantive fact requisite to its validity. It must set out a good cause of action and such facts as give the court jurisdiction. *Mindlin et al. v. Saxony Spinning Co. et al.,* 261 Pa. 354, 356, 104 A. 598.

Much of the argument in this case goes outside the record. This is not a case where such matters can be considered. *Pasquinelli v. Southern Macaroni Mfg. Co.,* 272 Pa. 468, 116 A. 372. We are concerned here only with the question whether a fatal defect or fundamental irregularity appears in the record itself.

One of the essential and most important jurisdictional facts which must be averred and upon which the writ of foreign attachment must be based is the nonresidence of the defendant. (See Act of June 13, 1836, P. L. 568, §44, as amended, 12 PS §2891.) "Nonresidence of the defendant in the state is a requisite to the validity of a foreign attachment": *Jacobs v. Spring,* 286 Pa. 113, at page 114, 132 A. 918, at page 919. "Nonresidence in this state, and not residence in another state, is the test of the jurisdiction of the court

to issue the writ": *Raymond v. Leishman,* supra, 243 Pa. 64, at page 70, 89 A. 791, at page 793. The affidavit of cause of action in the instant case fails to show that necessary jurisdictional fact. The affidavit states that defendant "resides at Hillcrest Place, North Caldwell, New Jersey." It does not aver that defendant is a nonresident of Pennsylvania, and therefore a necessary requisite for the issuing of the writ is absent. Residence in this state is not inconsistent with the averment that defendant "resides at Hillcrest Place, North Caldwell, New Jersey." See *Pfoutz v. Comford,* 36 Pa. 420; *Reed's Appeal,* 71 Pa. 378. In *Reed's Appeal,* supra, at page 382, it was held: "It was decided by this court in *Pfoutz v. Comford,* supra [36 Pa. 420], that a debtor does not become a nonresident, so as to subject him to a foreign attachment, by leaving his place of abode in this state, and going to another state to seek a new residence, but continues a resident of the state until he has obtained another place of abode with the intention of remaining in it. This decision accords entirely with all the authorities."

As far as the affidavit of cause of action shows in this case, and this is all that need be considered, defendant might be temporarily residing in New Jersey, but still be a resident of Pennsylvania. For example, A lives in Philadelphia, but closes his home for a few weeks and resides temporarily in Atlantic City, N. J. An affidavit of cause of action in a foreign attachment which averred that he resides in New Jersey would be true, but A, in fact, would not be a nonresident of Pennsylvania. The unusual remedy of foreign attachment was never intended to apply to such a case. Nonresidence of the defendant in this state is one of the "statutory props" upon which the process of foreign attachment rests. Defendant's nonresidence in Pennsylvania cannot be left to uncertain inference. See *Schueck v. Freeman,* 55 Pa. Superior Ct. 38. The affi-

davit of cause of action in this case is therefore fatally defective, and the court below erred in refusing to make absolute the rule to quash.

In view of our conclusion, it is unnecessary to discuss the other objections raised. Some defects in an affidavit of cause of action may be grounds for dissolving an attachment, but not such as would warrant quashing the writ. See *Pasquinelli v. Southern Macaroni Mfg. Co.*, supra; *Mindlin et al. v. Saxony Spinning Co. et al.*, supra; *Frankel v. Donehoo et al.*, supra; *Bank of Philadelphia and Trust Company v. Wabash Railway Co.*, 102 Pa. Superior Ct. 208, 156 A. 604; *McLennan v. Public Utilities Construction Co.*, 245 Pa. 567, 91 A. 942.

The order is reversed, and it is directed that the rule to show cause why the writ of foreign attachment should not be quashed be made absolute.