## Gano v. Hartwell & Lester, Inc., et al.

*Edward E. Dicker,* for plaintiff.

*Herman & Harris,* for defendants and garnishees, de bene esse.

SLOANE, J., February 15, 1939.—Plaintiff issued a writ of foreign attachment in assumpsit together with an affidavit of cause of action. He summoned two garnishees. A rule to show cause why the service of the writ should not be set aside and the attachment quashed was filed by one of the garnishees, and separate rules to show cause why the attachment should not be quashed were filed by defendant and the other garnishee. Each of these rules to show cause was allowed by our court and we ordered "all proceedings to stay." *Thereafter,* and *before* argument or disposition of any of the rules, and *during* the stay of proceedings, plaintiff filed an amended affidavit of cause of action correcting the defects pounced upon in the rules.

The rules called attention to two defects in the affidavit of cause of action: (1) That it fails to set forth the State of incorporation of defendant; and (2) That it fails to set forth that there is property, tangible or intangible, of the nonresident defendant in this jurisdiction.

Counsel (de bene esse) for defendant and garnishees admit the first to be unimportant. The second defect is

vital to our jurisdiction over the matter. Indispensable is an averment that there is property within the jurisdiction. That's settled: Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354, 356; Kohl v. Lyons et al., 125 Pa. Superior Ct. 347, 350.

So that as the matter stood before the amended affidavit was filed, there was no authority for the writ.

Can we consider the amended affidavit? More accurately, the question should be stated: Can we consider the amended affidavit, *since it was filed when there was a stay of proceedings?* We do not think so. Search has not revealed any reported authority on the question of the significance of a stay of proceedings. But it would seem to us that a stay means what it says, and that nothing further is to be done in the action until disposition of the rule under which the stay is procured. Otherwise the stay has no meaning, and we cannot begin to hold that an order of the court is without meaning.

It is of course true that amendments to affidavits have been permitted, as in Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60, and Frankel v. Donehoo et al., 306 Pa. 52. But the question of stay of proceedings was not considered, and so far as I can find did not exist. We do not desire to be technical, or overnice in distinctions, or too methodical, but we do think it wise to uphold an order of the court, and where the court directs proceedings to stay, nothing is to be done thereafter till disposition is made of the particular rule under consideration.

We conclude that plaintiff, in view of the stay of proceedings, was not free to file an amended affidavit, and that therefore we should not consider it.

Foreign attachment is a statutory being, and strict adherence to all requirements is necessary: Kohl v. Lyons et al., supra, and by this time it should be obvious that the writ is without basis unless property is within the jurisdiction.

Since the writ is not supported by the papers pursuant to which it was issued, and the defect is fundamental, a

motion to quash is in order: Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468.

The rules to quash are made absolute.