## Magel *v.* Springs, Appellant.

Argued March 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

W. *Denning Stewart,* with him *Adie Allen Stevens, II, Stewart & Lewis* and *Horace Thomas, Jr.,* for appellant.

No appearance was made nor brief filed for appellee.

OPINION BY MR. JUSTICE LINN, April 15, 1940:

This appeal is from the refusal to quash a writ of foreign attachment. The statute states that "A writ of foreign attachment . . . may be issued against the real or personal estate of: (a) any person not residing within this Commonwealth . . ." Section 44 of the Act of 1836, P. L. 568, as amended, 12 PS section 2891. One of the purposes of proceeding by foreign attachment is to obtain the appearance of a nonresident defendant. It is therefore necessary to aver that the defendant whose property it is proposed to attach is a nonresident. The averment in the affidavit of cause of action on which the writ issued states that the defendant "is at the present time, to the best of plaintiff's knowledge, residing at Myrtle Beach, in the State of South Carolina, her address being P. O. Box No. 127, Myrtle Beach, South Carolina, and has no place of business, office or agent within the State of Pennsylvania where or upon whom process may be served." All of that may be true and yet the defendant may be a resident of Pennsylvania, temporarily out of the state; defendant may not have a "place of business, office or agent" and still not be a

nonresident. The averment is insufficient: *Raymond v. Leishman*, 243 Pa. 64, 89 A. 791; *McLennan v. Public Utilities Construction Co.*, 245 Pa. 567, 91 A. 942; *Kohl v. Lyons*, 125 Pa. Superior Ct. 347, 189 A. 498. While this objection was not made in the court below, the point is jurisdictional and should be noticed here: *McCoach v. Phila.*, 273 Pa. 317, 322, 117 A. 71. It is therefore unnecessary to discuss the other question raised.

Order reversed and writ quashed.