Marano, Appellant, *v.* Granata et al.

Argued October 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward Paul Smith,* with him *George Walter Witney,* for appellant.

*Albert M. Hankin,* with him *Albert M. Hoyt, Jr.,* for appellees.

PER CURIAM, November 13, 1940:

We need not now decide the interesting question discussed by the appellant, as to whether the reason given by the court below for dissolving the foreign attachment was sound or not; for whether or not, in the circumstances of this case, the plaintiff was justified in joining the principal and the agent as joint defendants in the writ, we are required to sustain the order of the court by the very recent decision of the Supreme Court in *Magel v. Springs,* 338 Pa. 452, 12 A. 2d 558, where it was held that an averment in the affidavit of cause of action that the defendant "is at the present time, to the best of plaintiff's knowledge residing at Myrtle Beach, in the State of South Carolina ...... and has no place of business, office or agent within the State of Pennsylvania" did not sufficiently aver that the defendant was not residing within this Commonwealth (Act of June 13, 1836, P. L. 568, sec. 44, as amended by Act of April 24, 1931, P. L. 44, 12 PS §2891); and that it was such a jurisdictional defect that it could be raised for the first time on appeal.

The averments in the affidavit of cause of action in the present case are not materially different. They did not aver that the defendants, or either of them, were not residents of Pennsylvania. Averments that they reside in a city in some other state or country and that

they have no place of business, office or agent in this state are not incompatible with a *residence* also in this state: *Magel v. Springs,* supra; *Kohl v. Lyons,* 125 Pa. Superior Ct. 347, 350, 351, 189 A. 498; *Raymond v. Leishman,* 243 Pa. 64, 70, 89 A. 791.

Order affirmed.