## Clearfield Mining Corporation v. Berlanti et al.

*W. Albert Ramey* and *Harold T. Boulton*, for plaintiff.

*Chaplin & Arnold*, for defendant.

BELL, P. J., May 2, 1946.—On a writ of foreign attachment, the sheriff attached assets of defendants in

Clearfield County in the possession of three garnishees named. Rule to show cause why affidavit of cause of action should not be filed was made absolute on petition of counsel for defendants appearing de bene esse. Prior to the date fixed for the filing of such affidavit, defendants filed a bond in the amount of $8,000, conditioned that if defendants should be condemned in the action they would guarantee satisfaction thereof. There was nothing accompanying the bond showing plaintiff's approval of the amount or form thereof, nor was it presented to the court for approval.

The bond was filed February 28th. On March 1st an affidavit of cause of action was filed. On March 2nd, rule was granted to show cause why the writ of attachment should not be dissolved, the petition averring that defendants are a duly registered partnership in Center County, Pennsylvania, with the principal office in Philipsburg, Pennsylvania; that one of the partners, Dominic Berlanti, has been a resident of Philipsburg Borough for the past seven years and continues to reside there; that two of the partners were personally served within the county; that the sheriff's return was defective in not being served in the presence of credible witnesses; and that no property of defendants had been attached in the possession of garnishees.

At counsel's request, argument was continued until March 11th, at which time plaintiff's counsel moved to strike the rule granted on the ground that it had been signed by one of defendants' counsel in violation of the rules of court of Clearfield County. It was admitted at that time that the sheriff's return was defective. No proof as to residence was offered by plaintiff, who argued that the personal service on the two defendants in Clearfield County was surplusage, and that since the Amendment of 1931, it was immaterial whether defendants were in the county or not at the time of the issuance of the writ.

Defendants presented a certificate of the prothonotary of Center County of the registration on June 28, 1945, of defendants under the Fictitious Names Act of June 28, 1917, P. L. 645, as superseded by the Act of May 24, 1945, P. L. 967, as trading and doing business as the Diamond T Stripping Company, the residence of three of the partners being designated as the State of New York and that of Dominic Berlanti as Philipsburg, Pennsylvania. Defendants contend that the posting of the bond merely substituted a bond for the property attached, and did not dispose of defendants' right to question the propriety of the proceeding or the responsibility to show jurisdiction by reason of the nonresidence of defendants.

On March 18, 1946, the sheriff presented a petition for leave to amend his return, which leave was granted. The return as amended shows that the sheriff, on February 5, 1946, on the premises of the garnishees, did attach said goods in the presence of two credible witnesses now named in the return, and that said goods were in control and possession of the garnishees. The return also avers that each of the garnishees was summoned in the presence of a credible person and advised of the contents of the writ.

On April 26, 1946, counsel for defendants endorsed their approval of the amount and form of the bond filed so that we will regard the bond having been given as provided in section 62 of the Act of June 13, 1836, P. L. 568, 12, PS §2962.

Foreign attachment is a creature of the statute. Being in derogation of the common law it must be construed strictly: Morinelli, Jr., v. Garin, 100 Pa. Superior Ct. 510; Magel v. Springs, 338 Pa. 452. In the latter case the court said that defendant's known residence cannot be left to uncertain inferences. The primary object of a writ of foreign attachment is to compel an appearance of a nonresident and, second, to secure a fund out of which plaintiff's claim, when reduced to judgment,

can be paid: Marano v. Granata, 151 Pa. Superior Ct. 454; Rankin v. Culver, 303 Pa. 401; Magel v. Springs, 338 Pa. 452; Ionian Bank, Ltd., v. Mamatos et al., 340 Pa. 52; East End Savings & Trust Co. v. Goldblum, 83 Pitts. L. J. 443.

When defendants entered a special appearance they were entitled to challenge the sufficiency of plaintiff's action, for one who issues a writ of foreign attachment must aver a good cause of action: Frankel v. Donehoo et al., 306 Pa. 52; Stewart v. Stewart, 127 Pa. Superior Ct. 567.

Prior to the amendment of April 24, 1931, P. L. 44, 12 PS §2891, the writ could only issue against a nonresident, who was not in the Commonwealth nor in the county at the time of the issuance of the writ. There are numerous cases where an attachment was quashed by showing that defendant was within the county at the time of the service of the writ. Two of the defendants were in Clearfield County and were personally served by the sheriff. The Amendment of 1931 provides that a writ of foreign attachment may issue against "any person not residing within this Commonwealth, whether or not such person is in the Commonwealth at the time of the issuing thereof". The fact that defendants were in the county and served by the sheriff would not, since the Amendment of 1931, be grounds to either quash or dissolve the writ. But whether defendants are residents or nonresidencts is vital to the issuance of a writ of foreign attachment.

Where defendant denies the fact of nonresidence and avers that he is a resident, the burden is on plaintiff to show that nonresidence is a fact. Tredway v. Eldridge, 39 Lanc. 407. The only averment of nonresidence is in the third paragraph of the affidavit of cause of action which reads as follows:

"The defendants, above named, are nonresidents but have property and choses in action located in the Commonwealth of Pennsylvania."

Such bare averment of nonresidence was held insufficient in Schueck v. Freeman, 55 Pa. Superior Ct. 38, and Morinelli, Jr., v. Garin, 100 Pa. Superior Ct. 510. Both of these cases were decided prior to the amendment of 1931, and the courts point out that the affidavit of cause of action does not aver that defendants were not within the county at the time of the issuance of the writ. Averments that defendant was residing at a particular address in another State have been held to be insufficient: Marano v. Granata, 142 Pa. Superior Ct. 266; Kohl v. Lyons, 125 Pa. Superior Ct. 347.

Defendants' petition sets forth that one of defendants resides at Philipsburg, Center County, Pa., and that the partnership is registered under the Fictitious Name Act in Center County. Plaintiff has failed to offer any evidence to disprove this. Defendants produced a certificate of the prothonotary of Center County showing the registration of the partnership in that county, the address of three of the partners being given as the State of New York, and that of Dominic Berlanti as Philipsburg, Pa.

Plaintiff having failed to sustain the burden of proof of nonresidence, defendants would be entitled to have the attachment dissolved and the bond released if they had not waived any defect by the entry of security under section 62 of the Act of June 13, 1836, P. L. 568, 12 PS §2962. Defendants contend that the bail takes the place of the property attached, and that if the proceeding is defective the bond should be released. Defendants have offered no cases supporting this contention. The prayer of their petition of March 2, 1946, is for a rule to show cause why the attachment should not be dissolved. We have required plaintiff to endorse approval of the amount and form of the bond entered. Filing the bond according to the provisions of the Act of 1836 had the effect of dissolving the attachment so that the petition of March 2nd has already been accomplished.

Section 62 of the Act of 1836, supra, provides that when defendant produces security, . . . "the attachment, and all proceedings had thereon as aforesaid shall be dissolved, and the action shall proceed in due course, in like manner as if the same had been commenced by a writ of capias ad respondendum".

If defendants are residents of Pennsylvania, this is a vital defect and a motion to quash would have been in order. Motions to quash are used where the defect is fundamental in character and such as would put plaintiff completely out of court, while motions to dissolve are used where, despite the defects, the suit would remain as a pending action. See Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468. The foregoing is the only case we have found which would substantiate defendants' claim. There are numerous cases, holding that after security is entered a motion to quash will not prevail. In the Pasquinelli case the court, at page 477, after pointing out the distinction between a motion to quash and motion to dissolve, said the following:

". . . where security is entered under section 62 of the Act of June 13, 1836, P. L. (1835-36) 572, 583, the motion to dissolve is right, for the statute so ordains; . . ."

In the case of Locey v. Sterling Motor Truck Co., 102 Pa. Superior Ct. 148, the court points out that in a foreign attachment the entry of security causes the dissolution of the attachment. In the case of Konopka et ux. v. McAteer, 313 Pa. 510, defendants entered a general appearance; later they petitioned for a rule to dissolve the attachment. The lower court made the rule absolute but was reversed on appeal. The Supreme Court pointed out at page 513, that before defendant appeared she had an opportunity to elect one of several courses. She might have dissolved the writ of attachment by entering security, or she could enter a general appearance, in which case the attach-

ment would continue and the action would proceed as though begun by summons. At page 514, the court made the following statement:

"A third course had also been open to her election: before deciding to give bail and dissolve the attachment, or to permit the attachment to stand and enter a general appearance, she might, if in doubt about the jurisdiction, have proceeded by rule to show cause to require plaintiffs to file the necessary affidavit. As this affidavit of cause of action goes to the propriety of issuing the writ, its requirement may be waived by electing either of the other statutory courses referred to. Defendant's choice of procedure continued the attachment, leaving no occasion to require plaintiffs to show cause of action, because the statute has rendered it unnecessary. See Pottash v. Albany Oil Co., 274 Pa. 384, 391, 118 A. 317; and Connelly v. Lerche, 56 N.J.L. 95, 28 A. 430."

The act of assembly not only provides for the attachment to be dissolved by the entry of security but for the proceedings to continue as begun by capias ad respondendum. In Molloy et al. v. Brown et al., 37 Luz. 432, defendants filed a bond, and attachment was dissolved. Later defendants moved to discharge the bond. The court refused to do so, stating that defendant's liability to plaintiff was undetermined and the bond remained in force. See also Piland v. Citizens and Marine Bank, 28 Del. Co. 31.

In the case of Bergman v. Straus et al., 264 Pa. 439, the court held that security having been entered the defendant had no standing to complain about defects on the record. See also Pottash et al. v. Hartenfeld Bag Co., 267 Pa. 96.

By failing to proceed with the attack on the writ as originally started, and entering of security, defendants have, in effect, waived any defects therein, and the case should proceed to trial as set forth in the action. We doubt if it is necessary to file an affidavit of cause of action after security has been entered. For the rea-

sons set forth in this opinion, the rule requested by defendants to dissolve the attachment is refused, as the attachment is already dissolved by their own action. It is not necessary to rule upon plaintiff's motion in view of our opinion in this case.

Now, May 2, 1946, rule to show cause why the attachment issued in the above number and term should not be dissolved is refused for the reason that, by the entry of security prior to the issuance of said rule no attachment of property existed. The motion of plaintiff objecting to defendants' petition for rule is refused as being not relevant in view of the court's action in this case.