Levie, Appellant, *v.* Levie et al.

Argued January 6, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel L. Borton,* for appellant.

*Roland C. Heisler,* with him *Barnes, Dechert, Price, Smith & Clark,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 21, 1949:

This is an appeal from an order quashing appellant's writ of foreign attachment.

Annie Levie, appellant, instituted a divorce action against her husband, Charles Levie, in Paris, France.

The action is still pending. The husband has cash on deposit in the Girard Trust Company of Philadelphia. A writ of foreign attachment was issued by the wife against her husband as defendant and the Girard Trust Company [appellee] as garnishee. Appellant's complaint, or affidavit of cause of action, avers that "neither of the parties [plaintiff or defendant] are citizens of the United States, both being citizens of the Republic of France"; that defendant has at least $75,000.00, subject to a revocable deed of trust, on deposit with the garnishee, Girard Trust Company; that appellant has instituted a divorce suit, in Paris, as of June 22, 1948 and, in accordance with the marital law of France, "where if marriage takes place 'without contract,' and divorce proceedings *are instituted* by the wife, said spouse becomes entitled to one-half of her husband's personal estate"; that appellant, therefore, is entitled to at least $30,000.00 from defendant, her husband. The complaint also incorporates the order of the French Court which authorizes the petitioner to issue this attachment against the defendant "residing in Paris, Hotel Napoleon, Avenue Friedland."

Appellee-garnishee, in support of its rule, averred that the complaint was not based on a final order or judgment of the French Court; that the complaint did not aver the necessary jurisdictional requirements; and that the complaint was not an action *ex contractu* as required by the Statute. The court quashed the writ on the ground that appellant failed to allege that the defendant (husband) was a nonresident of Pennsylvania. The court below, in its opinion, said: "Since the plaintiff has failed to allege proper jurisdictional facts, and since the failure goes to matters of substance, there cannot be allowed an amendment at this time." The other reasons assigned by the garnishee for dissolving the writ were not passed upon. This appeal followed.

No formal motion to amend appears in the record. We are not advised of what, if anything, was said on the subject during the argument of the motion in the court below. Apparently, appellant desired to amplify her defective averment of nonresidence in Pennsylvania. She now urges that an amendment should have been allowed.

Section 44 of the Act of 1836, P. L. 568, as amended, 12 PS, 2891, provides, inter alia: "A writ of foreign attachment, in the form aforesaid, may be issued in all actions ex contractu, and in actions ex delicto for a tort committed within this Commonwealth, against the real or personal estate of: (a) any person not residing within this Commonwealth, whether or not such person is in the Commonwealth at the time of the issuing thereof, . . ." This Court has held that in a proceeding by foreign attachment it is necessary properly to aver that the defendant, whose property is sought to be attached, is a nonresident: *Magel v. Springs,* 338 Pa. 452, 12 A. 2d 558; *Kohl v. Lyons et al.,* 125 Pa. Superior Ct. 347, 189 A. 498. It was so held as long ago as *Jackson's Appeal,* 2 Grant 407. Mr. Justice LINN said in *Magel v. Springs,* supra, at p. 453: "One of the purposes of proceeding by foreign attachment is to obtain the appearance of a nonresident defendant. It is therefore necessary to aver that the defendant whose property it is proposed to attach is a nonresident." Appellant does not properly aver that defendant is a nonresident of Pennsylvania. The fact that the copy of the order of the French Court granting leave to bring this suit, attached to appellant's complaint, states that defendant is a *resident of Paris, France,* is not tantamount to an averment that he is a *nonresident* of *Pennsylvania: Magel v. Springs,* supra; *Kohl v. Lyons et al.,* supra. As far as this complaint reveals defendant might be *temporarily* residing in Paris, France.

Appellant relies on *Raymond v. Leishman,* 243 Pa. 64, 89 A. 791. The question before the Court in that case

was not whether the plaintiff had properly *alleged* the nonresidence of the defendant; the question was whether defendant was or was not a resident *in fact,* a question raised by defendant in that case by petition alleging that he was a citizen and resident of Pennsylvania.

In discussing the right to amend a complaint in a foreign attachment proceeding, Mr. Justice KEPHART (later Chief Justice), said in *Frankel v. Donehoo et al.,* 306 Pa. 52, 158 A. 570, at p. 54: "Early in our judicial history, amendments to an affidavit of cause of action in a foreign attachment were not permitted: Eldridge v. Robinson, 4 S. & R. 548. . . . Later practice by the lower courts and recognized by our own cases, showed an intention to relax the rigors of the old rule and to permit amendments: Mindlin v. Saxony Spinning Co., 261 Pa. 354, 357; G. B. Hurt, Inc., v. Fuller Canneries Co., 263 Pa. 238, 241, 242; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 479; Schueck v. Freeman, 55 Pa. Superior Ct. 42. It is now definitely settled that amendments to an affidavit of cause of action, . . . may be made *under certain circumstances* after the attachment has issued." (Emphasis supplied.) We see no error in the refusal to permit the proposed amendment in this case. Counsel for appellant cites no Pennsylvania cases where this question was raised. *Schueck v. Freeman,* 55 Pa. Superior Ct. 38, does not aid appellant. There it was not averred that defendants were nonresidents of Pennsylvania. After the writ was served on the garnishee and returned nihil habet as to the defendants, the plaintiff, without leave of court, filed a supplemental affidavit identical with the original except for the addition of the words, "that the defendants were nonresidents of the commonwealth." An appeal was taken from the subsequent order of the court below making absolute a rule to dissolve the attachment. The order was affirmed on two grounds: (1) That the second or supplemental cause of action was as defective as

the first in not distinctly averring that defendants were nonresidents and (2) that, as the court below had held, the affidavit of cause of action was defective in substance.

This Court said in *G. B. Hurt, Inc., v. Fuller Canneries Company*, 263 Pa. 238, 106 A. 248, at p. 241: "It is a well-settled rule in Pennsylvania that as to matters of substance there can be no amendment, but in merely formal matters amendments to affidavits showing cause of action have been repeatedly allowed." The averment as to nonresidence is more than a formal matter in a foreign attachment proceeding. The very existence of the right depends on the nonresidence of the defendant. It is this factor, coupled with the presence of property in the State, which gives rise to jurisdiction. "Nonresidence of the defendant in this state is one of the 'statutory props' upon which the process of foreign attachment rests": *Kohl v. Lyons et al.*, supra, p. 351.

Mr. Justice KEPHART, in stating a workable test to determine whether or not an amendment should be permitted, said in *Frankel v. Donehoo et al.*, 306 Pa. 52, 158 A. 570, at p. 57: "It is of the utmost importance that every jurisdictional fact should be averred."

The order appealed from must be sustained for an additional reason. A reading of the complaint, together with the petition filed in the French Court, and attached to the complaint, reveals that the writ is premature. This petition states that appellant sues "for separation from bed and board." She avers "that by virtue of the Law of France, where if marriage takes place 'without contract,' and *divorce proceedings are instituted by the wife,* said spouse becomes entitled to one-half of her husband's personal estate. . . ." (Emphasis supplied.) She asked the French Court to authorize her to make this attachment and averred "That in order to protect her *claims* in the legal community property existing between her and Mister LEVIE, [defendant-husband]

the petitioner has the greatest (sic.) to take all *conservation measures* in order to insure the recovery of her claims;" (emphasis supplied). The divorce proceeding pending in France must, of course, be determined by French law. The complaint, read in conjunction with the attached petition, shows *on the face of the record* that any right which appellant may have to one-half of her husband's property cannot be asserted *until after the decree of separation is granted.* This is substantiated when we read appellant's history of the case on page 2 of the paper book. It is there stated: "Under French law, where the parties are married by a civil proceeding, instead of a church ceremony, known as a marriage without contract; *and the parties are later divorced,* the wife becomes entitled to one-half of all the real and personal estate of her husband, known as the legal community property." (Emphasis supplied.) Although this statement is not part of the record, it becomes most significant when determining the propriety of quashing this writ. "While it is a well established rule that the court will not quash a writ of attachment execution or foreign attachment unless some fundamental irregularity appears on the face of the record, yet it is recognized exception to that rule that evidence dehors the record may be a ground for quashing a writ where defects therein are of such a character as to put plaintiff completely out of court": *Provident Trust Company v. Rothman et al.,* 321 Pa. 177, 187, 183 A. 793. Some of the exceptional instances where writs have been quashed on matters dehors the record are stated in *Pasquinelli v. Southern Macaroni Mfg. Co.,* supra. There is no averment here that the divorce has been granted; on the contrary, all that is averred is that appellant has *instituted* divorce proceedings. Therefore, appellant has no claim upon which an action at law could be maintained at the present time. As on the face of the complaint itself there is no *present*

*claim* existing, or alleged to be *in existence,* it would be improper to compel the appearance of the defendant. Under the Act of 1836, P. L. 568 as amended, supra, a writ of foreign attachment will issue ". . . in all actions ex contractu, and in actions ex delicto for a tort committed within this Commonwealth. . . ." It is apparent from the face of the record that appellant's right will not accrue until the divorce is granted. As Mr. Justice WALLING said in *Mindlin et al. v. Saxony Spinning Co. et al.,* 261 Pa. 354, 356, 104 A. 598: "The affidavit must set out a *good cause of action* and such facts as give the court jurisdiction, and must not be ambiguous nor depend upon conjecture or inference. See Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60." (Emphasis supplied.)

As appellant has not pleaded a good *cause of action,* the remedy afforded by a writ of foreign attachment is unavailable to her.

The order of the court below is affirmed, at appellant's cost.