## Worcester, etc., v. Eberight, etc.

*Laird & Buchen* and *Keith, Bigham & Markley*, for plaintiff.

*Swope, Brown & Swope*, for defendant.

SHEELY, P. J., January 2, 1954.—Adams County Cooperative Egg Association caused a writ of foreign attachment in assumpsit to be issued out of the Court of Common Pleas of Adams County against Albert Eberight. The association having been adjudicated a bankrupt, Paul F. Worcester, trustee in bankruptcy, was substituted as plaintiff.

Defendant filed a motion to quash the attachment alleging that nowhere in plaintiff's declaration or statement of claim was it alleged that the defendant was a nonresident of Pennsylvania, the allegation contained therein being that he was a "citizen and resident of

Baltimore, Maryland, his precise residence address being . . .". A rule to show cause was issued and was subsequently made absolute upon failure of plaintiff to file an answer thereto. Plaintiff thereupon filed a petition praying that the order making absolute the rule to show cause be set aside and that plaintiff be heard on the legal questions involved in the motion to quash contending that by failing to answer the rule plaintiff intended merely to admit the allegations of fact contained in the motion but expected to be heard on the legal questions. An order was entered as prayed for and the legal questions were duly argued before the court.

In Magel v. Springs, 338 Pa. 452 (1940), it is stated:

"The statute states that 'A writ of foreign attachment . . . may be issued against the real or personal estate of: (a) any person not residing within this Commonwealth . . .'. Section 44 of the Act of 1836, P. L. 568, as amended, 12 PS section 2891. One of the purposes of proceeding by foreign attachment is to obtain the appearance of a nonresident defendant. It is therefore necessary to aver that the defendant whose property it is proposed to attach is a nonresident. The averment in the affidavit of cause of action on which the writ issued states that the defendant 'is at the present time . . . residing in the State of South Carolina, her address being . . .'. All of that may be true and yet the defendant may be a resident of Pennsylvania, temporarily out of the State; . . . The averment is insufficient: . . . While this objection was not made in the court below, the point is jurisdictional and should be noticed here:

"It will be seen that the allegation in the cited case is identical to the allegation in the present case (in fact, it went further and alleged that defendant had no place of business, office or agent, within the State of Pennsylvania."

In Marano v. Granata et al., 142 Pa. Superior Ct. 266 (1940), the court said:

"Averments that they reside in a city in some other state or country and that they have no place of business, office or agent in the state are not incompatible with a *residence* also in this state: . . ." See, also, Levie v. Levie et al., 361 Pa. 214 (1949), holding that the allegation of nonresidence is a jurisdictional matter and is not amendable.

Plaintiff concedes that the law is as above set forth, but he goes further and contends that the alleged defective averment of nonresidence in this case is contained in plaintiff's declaration or statement of claim and not in plaintiff's affidavit of cause of action; that these are separate and distinct pleadings; and that there is no requirement that there be an allegation of nonresidence in the declaration or statement of claim. He relies upon Brogan et al. v. Bright-Brooks Lumber Company et al., 138 Pa. Superior Ct. 409, 412 (1939), for the proposition that in the statement of claim or declaration plaintiff need allege only such facts as are necessary to establish his cause of action at the trial of the case and that he need not there allege facts to justify the issuance of the original writ.

The distinction between a statement of claim and an affidavit of cause of action is clearly demonstrated in Konopka et ux. v. McAteer, 313 Pa. 510 (1934). In that case plaintiffs filed a statement of claim with their praecipe for the writ of attachment. Defendant moved to quash the writ on the ground that it was issued without an affidavit of cause of action and that the statement of claim could not be treated as the required affidavit because it contained no averment of nonresidence. The court held that an affidavit of a cause of action need not be filed with the praecipe for the writ except in certain situations not applicable here.

In other cases, if defendant desires plaintiff to show his cause of action he may appear specially and obtain a rule to show cause. The formal statement of claim is required to be filed within one year after the issuance of the writ as was done in that case and in the present case. In the present case plaintiff has not been ruled to show his cause of action and therefore was under no obligation to file an affidavit of cause of action.

The rules thus stated were followed in Thalheimer et al. v. Vineland Construction Co., Inc., et al., 67 D. & C. 622, 626 (1949), where the court held that a defendant appearing specially may not move to quash the writ of attachment where plaintiff has filed a statement of claim within the statutory period but has not filed an affidavit of cause of action and has not been ruled to do so. This is the situation in the present case.

It follows that the motion to quash the writ of attachment is premature and must be discharged.

And now, January 2, 1954, the motion to quash the writ of foreign attachment in the above case, and the rule issued thereon, are discharged.