## Jacobs, Appellant, *v.* Spring.

*Foreign attachment —Residence of defendant—Findings of fact as to residence—Evidence.*

1. Nonresidence of defendant in the State is a requisite to the validity of a foreign attachment.

2. Where the court below finds, on ample evidence, that defendant had a residence in Pennsylvania, although absent therefrom at times, an order quashing a writ of foreign attachment will be sustained on appeal.

Argued March 16, 1926. Appeal, No. 23, March T., 1926, by plaintiff, from order of C. P. Allegheny Co., April T., 1925, No. 465, quashing writ of foreign attachment, in case of Lillie V. Jacobs v. Anna Melazina Spring. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Foreign attachment.

Motion to quash writ. Before SWEARINGEN, J.

Writ quashed: 74 Pitts. L. J. 53, 39 York Co. R. 158. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*D. Lee McConaughy,* for appellant.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* for appellee, was not heard.

PER CURIAM, April 12, 1926:

Plaintiff sued out a writ of foreign attachment against defendant, naming Joseph M. Brown & Co. as garnishee, and levied on defendant's real estate in Allegheny County. The garnishee moved to quash the writ and dissolve the attachment on the ground that defendant was not a nonresident of Pennsylvania. The court below concluded, after hearing testimony, that defendant, who maintains a homestead and household in Allegheny County, although absent from the State for extended periods, had not lost her Pennsylvania residence, and thereupon quashed the writ and dissolved the attachment. Nonresidence of the defendant in the State is a requisite to the validity of a foreign attachment, and, since there is ample evidence to support the finding that defendant had a residence in Pennsylvania,

The order appealed from is affirmed.