KOSI of Vailoatai, TUPEA of Fagatogo, FAUMUINA of Alofau,
TALILI of Vailoatai, Plaintiffs

v.

VILIAMU S. of Vailoatai, Defendant

No. 77-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Satele" of Vailoatai]

April 23, 1948

A. A. MORROW, *Chief Justice;* MULI, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo, American Samoa, April 9, 10, 12, 1948.

Sauafea, counsel for Kosi; Ioelu, counsel for Tupea; Pele, counsel for Faumuina; Galoia, counsel for Talili; Fesagaiga, counsel for Viliamu.

MORROW, *Chief Justice.*

This case involves the question as to who shall be registered as the holder of the matai name Satele of Vailoatai. Viliamu S. filed his application to be so registered. Kosi, Tupea, Faumuina and Talili each filed an objection to such proposed registration, each of the objectors thereby becoming a candidate for the title.

■ The evidence showed without doubt that Viliamu and the other four candidates are qualified to succeed to a matai title. Sec. 926, A. S. Code. The fact that Faumuina attended a church meeting during a part of May 1947 held in Upolu did not break his continuous residence in American Samoa during the five years preceding the vacancy in the Satele title. Mere temporary absence from his home in Alofau with an intention to return thereto did not effect a change in his domicile since it is clear from the evidence that at the time he went to Upolu he intended to return to his home as soon as the meeting was over, which he did. Any other construction of Sec. 926 would disqualify a person from holding a matai title if he should be outside the limits of American Samoa for even one day during the five years preceding the vacancy therein. Such a construction was never intended. "A residence may continue to exist in spite of a temporary absence from it, although the absence might be long continued." I Beale on Conflict of Laws, Sec. 10.3. To the same effect, see *Popejoy v. Boynton*, 112 Ore. 646, 230 Pac. 1016 and *Jacobs v. Spring*, 286 Pa. 113, 132 Atl. 918.

■ Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each of the candidates filed a petition with the court signed by various members of the Satele family in support of his candidacy. There are five branches of the Satele fam-

ily, each candidate being backed by his or her branch. Malepeai, who had charge of getting the signatures on Talili's petition, after filing it, withdrew a part thereof containing about 90 names from the office of the Clerk of the High Court in order that he might get an additional signature. Through some mistake it was not returned to that office. However, Malepeai, together with some other matais in the Satele family, made up a list of the signatures on the part of the petition withdrawn and filed it. There was no objection by the other candidates to the use of this substituted list in the trial of the case and the court treated it as the petition of the original signers on that part of the petition withdrawn and not refiled.

■ There were 92 names on the list for Faumuina. Three of these were objected to as not being members of the family. We think the objection was well taken and that the members of the family favoring his candidacy numbered 89. Tupea objected to 7 other names on Faumuina's petition but the court believes in the light of the evidence that the objection to these 7 was without foundation. There were 35 names on Kosi's petition, 3 of the signers being under 14 years of age. There were only 3 names on Tupea's petition. There were 31 names on Viliamu's petition and 105 on Talili's. Fourteen of the signers for Talili were under 14 years of age. On account of the youthfulness of these 14 it is our opinion that their names should not be counted, inasmuch as they are too young to have an intelligent wish as to who should be the matai of the family. It is significant that under Sec. 930(d) of the Code the signers in support of the claimant to a matai title must be over 14 years of age. Kosi objected to 90 names on the petition for Talili claiming that they were not members of the Satele family. Tupea objected to 7 on Talili's petition. We think that Kosi was wrong when he said that the entire 90 were not members of the family. However, we believe

that at least some of the 90 including some of the 7 objected to by Tupea are not family members. Our conclusion from the evidence is that Faumuina with 89 members of the family supporting him has more support for his candidacy than any of the other candidates. It is our conclusion that he has a plurality of the family behind him and that he therefore prevails over the other candidates on the issue of "the wish of the majority or plurality of the family."

Tupea is 78 years of age. She reached the 9th grade in school. She does not speak English. Her income is about $50.00 a year from weaving baskets and mats. Ioelu, her husband, gives her some money. She has rendered service to former Sateles.

Kosi, age 41, earns $56 per month as the foreman of a small gang of workmen which keeps the Naval Station at Pago Pago clear of trash and rubbish. He has plantations from which he sells taro, bananas and copra, his sales aggregating from $150 to $300 per year. He manufactures curios from the sale of which he receives about $100 per year. His education ended with the 6th grade in school. He speaks a little English and has rendered service to former holders of the name.

Faumauina is 56 years of age. He has held the high title Faumuina for 32 years and has been county chief of Saole County for the same period of time. His good record as county chief is well known as will appear from the evidence. His record as county chief and matai of the Faumuina family is evidence of his superior ability as a leader. He has plantations from which he sells copra, taro and bananas. He sells mats and curios, the women of his immediate family making the mats. His income is about $1,800 per year. He is a graduate of Fagalele School and prior to his becoming a matai and county chief studied for three years in Leuolemoega College in Upolu. He does not speak

English. Former holders of the Satele title have received service from Faumuina.

Talili, age 61, makes about $300 a year from the sale of taro, bananas, copra and curios. Any income he may have from the sale of mats made by the women members of his immediate family is not included in that sum. He has completed the 5th grade in school and speaks a little English. He was a policeman for the county chief of his county for a number of years. He has rendered service to former holders of the Satele title.

Viliamu, age 25, does clerical work in the office of the Attorney General, for which he receives a salary of $70 per month. He testified that his income from the sale of taro, bananas and breadfruit from his plantations runs about $50 per month. He also stated to the court that he received from $700 to $1,000 per year for services as assistant copra clerk. The records of this court show that Viliamu was sentenced on March 10, 1943 to 8 years in jail upon a conviction for manslaughter. About a year ago he was released from prison upon a parole. In March of this year he was sentenced in District Court #1 to pay a fine of $25 for disorderly conduct and a like fine for assault and battery. His own counsel in making his final argument to the court in behalf of Viliamu said: "I have just stated to this court that my client is a drunkard, rascal, and like any other young man, yet, I believe, and such belief will be confirmed by all educated people that it is only natural that as soon as he is loaded with such responsibility he will automatically get out of such defects." We think that "character" as used in Sec. 933(2) of the Code means the character of the candidate at the time the hearing is had and not character hoped for but by no means assured at some indefinite future time. Viliamu attended the Marist Brothers School at Atuu. He speaks English. Viliamu has spent most of his adult life in jail. Obviously he has not had the

opportunity which the average Samoan has to become acquainted with the needs of the various members of his family.

The court studied the personalities of each of the five candidates during the hearing. It had an excellent opportunity to size them up. In the light of the evidence and our observations of the candidates our conclusion is that Faumuina is the best qualified of the five with respect to "forcefulness, character, personality and leadership."

The evidence showed that at least three former Sateles descended through the female line had held the title. It is apparent to us that it is customary in the Satele family for descendants through either the male or female line to hold the title.

Tupea is the granddaughter of Satele Saualii. She comes through the male line and has one-fourth Satele blood in her veins. Kosi is the great grandson of Satele Talafalemalama. He has one-eighth Satele blood in his veins. He comes through the male line. Faumuina comes through the female line. He is the blood son of Satele Pili and has one-half Satele blood in his veins. Talili is the grandson of Satele Pua'a. He has one-fourth Satele blood in his veins and comes through the male line. Viliamu is the blood son of Satele Teutusi. He has one-half Satele blood in his veins and comes through the male line.

In view of the fact that it is the custom in the Satele family for the Sateles to come through either the male or female line it is apparent that Faumuina and Viliamu are on a parity with respect to the issue of hereditary right, each having one-half Satele blood in his veins. It is also apparent, since they have more Satele blood in their veins, that Faumuina and Viliamu prevail over candidates Kosi, Tupea and Talili with respect to the matter of hereditary right.

■ The Satele family is a large one composed of five branches as heretofore stated. At the present time the family is split. It is to the interest of the government that this family live together in peace and harmony. The candidate who will be able if awarded the title, to weld this scattered family into a peaceable and happy unit will be the most valuable to the Government of American Samoa. To accomplish this end the matai must be a good leader. He must be respected by the members of the family. He must have a good character in order to gain that respect. We believe from what we heard and saw at the time of the hearing that candidate Faumuina will be the most valuable to the Government of American Samoa.

■ In view of our findings that Faumuina prevails over the other candidates on the issue of "the wish of the plurality of the family," the issue of "forcefulness, character, personality and leadership" and on the issue of the "value of the holder of the matai name to the Government of American Samoa" and the further finding that he stands on an equality with Viliamu with respect to the issue of the "best hereditary right" and prevails over Kosi, Tupea and Talili with respect to this latter issue, it follows that under the law and the evidence Faumuina is entitled to the matai name Satele.

■ Sec. 2 of the Code provides that "the custom of the Samoans not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall be preserved." Custom in American Samoa of which this court has judicial notice is to the effect that the same person shall not hold two matai names at the same time. The laws of the United States concerning American Samoa do not touch upon this matter, nor does any other law of American Samoa other than the portion of Sec. 2 of the Code just quoted. It follows that the same person cannot hold two matai names at the same time in American Sa-

moa. It is clear therefore that Faumuina cannot be registered as the Satele until after he resigns from the Faumuina title which he stated he would do if awarded the Satele title.

It is ORDERED, ADJUDGED AND DECREED that Faumuina shall have 15 days after the date of this decision within which to exercise his privilege of resigning from the Faumuina title and that upon his filing his resignation from such title within such 15 days with the Registrar of Titles he shall be registered as the Satele. The Registrar of Titles will be so advised.

Costs in the amount of $18.75 are hereby assessed against Viliamu, a like amount against Tupea, a like amount against Talili, and a like amount against Kosi. Costs will be paid within 30 days.