## Fidelity and Deposit Company of Maryland v. Salyers

*John D. Faller, Jr.*, for plaintiff.

*Hyman Goldstein* and *Hon. E. M. Biddle, Jr.*, for defendant.

SHUGHART, P. J., February 28, 1953.—An action in assumpsit was commenced by plaintiff against defendant by filing a præcipe for a writ of summons, on October 27, 1950: Pa. R. C. P. 1007(1). A summons was issued and served upon defendant, "C. D. Salyers, at his residence, 125 N. College Street, Carlisle, Cumberland County, Penna. . . ." on October 30, 1950.

On November 3, 1950, on a præcipe filed by the attorney for plaintiff, a writ of foreign attachment was issued which was served upon several garnishees. A complaint was not filed until November 22, 1950.

Defendant filed a petition to quash the writ of foreign attachment on November 8, 1950. An answer was filed to the petition and depositions have been taken. The matter has been argued and is now before the court for disposition.

From the depositions it appears that defendant is an officer in the United States Army and had been stationed at Carlisle Barracks, Pa., continuously from July 1947 to the time the action above referred to was instituted. During most of that time, defendant resided with his wife and children at 125 North College Street, Carlisle, Pa., where he was served with the summons in the action.

The chief reason advanced by defendant, in support of the motion to quash the writ of foreign attachment, is that prior to the issuance of the writ, at the time of, and thereafter, defendant was a resident of this county. Therefore, he contends the writ is without a valid basis to sustain it.

"A writ of foreign attachment is an original writ. It is used to commence an action, not against a person but against a res. 'The foundation for the writ is the nonresidence of the defendant and the existence of property belonging to him within the jurisdiction': Kennedy v. Schleindl, 290 Pa. 38, 40, 137 A. 815": Atkins v. Canadian SKF Company et al., 353 Pa. 312, 314. See also Kohl v. Lyons et al., 125 Pa. Superior Ct. 347.

"One of the purposes of proceeding by foreign attachment is to obtain the appearance of a non resident defendant": Magel v. Springs, 338 Pa. 452, 453.

Plaintiff argues that the Amendment of April 24, 1931, P. L. 44, to the Act of June 13, 1836, P. L. 568, 12 PS §2891, changed the prior law so that a writ of foreign attachment may now be issued even though defendant is a resident of the Commonwealth and has previously been served with a summons.

The Act of 1836, sec. 44, provided that a writ could be issued against, "any person not residing within this Commonwealth, and not being within the county in which such writ shall issue, at the time of the issuing thereof". This language was changed by the amendment of the Act of April 24, 1931, P. L. 44, to read that the writ may be issued against "any person not residing within this Commonwealth, whether or not such person is in the Commonwealth at the time of the issuing thereof".

Plaintiff contends that this change in language indicates that the word "residence" does not now have the same meaning that it had under the Act of 1836 before

amendment, and that the cases decided before the amendment, in which the word residence was defined, are no longer controlling.

In the case of Raymond v. Leishman, 243 Pa. 64, the court held that the word "residence" as used in the Act of 1836 was not synonymous with "domicil". The court said that such construction would result in the purposes of the statute being defeated in many instances. The court said in that case at page 71:

"In Garden v. Garden, 107 N. C. 214, Mr. Justice Shepherd delivering the opinion says: 'The prominent idea is, that the debtor must be a non resident of this state, where the attachment is sued out; not that he must be a resident elsewhere. . . . The essential charge is, that he is not residing or living in the state, *that is, he has no abode or home within it where process may be served so as effectually to reach him. In other words, his property is attachable if his residence is not such as to subject him personally to the jurisdiction of the court, and place him upon equality with other residents in this respect.*'" (Italics supplied.)

It is undisputed that defendant at the time of the issuance of the writ was living in Carlisle with his wife and children, and had been so living for some years prior thereto. Plaintiff contends, however, that since defendant is in the armed services he cannot establish a domicile here: Alburger v. Alburger, 138 Pa. Superior Ct. 339; Howard v. Howard, 1 Cumb. L. J. 20. Further, plaintiff contends since the amendment to the Act of 1836 the word residence must be construed to mean domicile.

A consideration of the cases construing the effect of the provision of the Act of 1836 relative to the presence of defendant within the county at the time of the issuance of the writ, clearly indicates the reason for the amendment of 1931, and at the same time furnishes us with the basis for a proper interpretation of the effect of the change by the amendment.

Under the Act of 1836 it was held that the court had no jurisdiction to issue a writ of foreign attachment *even though* defendant was a nonresident of the State *if* it appeared that defendant was within the county at the time the writ issued.

In the case of Maule v. Cooper, 1 W. N. C. 109, defendant was a resident and citizen of New Jersey who did business in Philadelphia. The court found, however, that the depositions filed with the motion to quash the writ showed that defendant was in Philadelphia at the time the writ was issued. The motion to dissolve the writ was made absolute. To the same effect see Wight et al. v. Hovey, 17 Dist. R. 1019 (1908), and cases collected in 10 Standard Pa. Practice 275, note 17.

It was held in Tredway v. Eldridge, 7 D. & C. 401, that where defendant asked for the dissolution of the writ of foreign attachment on the ground that he was in the county at the time it was issued, and filed an affidavit in support of his allegation, *the burden was upon plaintiff to show that defendant was a nonresident and not in the county at the time of issuance.* See also Vandyke v. Macaulay, 4 Dauph. 194. These decisions placed upon plaintiff the burden of proving a negative, which burden was extremely difficult to meet.

In the light of the foregoing, we believe that the purpose of the change in the wording of the Act of 1931 is obvious. Under the Act of 1836, in order for a writ of foreign attachment to issue, it had to appear: (1) That defendant was "not residing within the Commonwealth", and (2) that he was not within the county in which the writ was issued at the time of the issuing thereof.

Since the amendment of 1931, a writ may issue against "any person not residing within this Commonwealth" and the issuance of the writ is unaffected by the fact that defendant may have been either within the county or in the Commonwealth in some other county at the time of issuance.

The nonresidence of defendant required before a writ of foreign attachment can issue, therefore, has been unaffected by the amendment to the statute. What constitutes residence within the contemplation of the Act of 1836 as amended by the Act of 1931, therefore, remains as defined in Raymond v. Leishman, supra.

By application of the rule of Raymond v. Leishman, supra, to the facts here, it is apparent that at the time of the issuance of the writ defendant, Salyers, was a resident of this county.

"One of the essential and most important jurisdictional facts which must be averred and upon which the writ of foreign attachment must be based is the non residence of the defendant. (See Act of June 13, 1836, P. L. 568, §44, as amended, 12 P. S. §2891.) 'Non-residence of the defendant in the state is a requisite to the validity of a foreign attachment': Jacobs v. Spring, 286 Pa. 113, at page 114, 132 A. 918, at page 919": Kohl v. Lyons et al., 125 Pa. Superior Ct. 347, 350 (1937). The instant writ must, therefore, be quashed.

In his brief, plaintiff's counsel refers to the fact that testimony on another phase of this litigation, taken almost a year after the issuance of the writ of foreign attachment, shows that defendant had taken up a residence in Frederick, Md. This, he contends, shows the character of his residence here at the time the writ issued and gives compelling reasons for refusing to quash the writ.

In light of defendant's residence here for almost three years before the writ issued, little weight can be given to the fact that he removed almost a year later, in determining his residence at the time of issuance.

It is the residence at the time of the issuance that controls and determines the validity of the writ. "Under the Act of 1836, and the prior Act of 1705, 1 Sm. Laws

45, service of a foreign attachment issued when the defendant was present in the county would not simply be set aside to wait a subsequent service, but the writ would be quashed as void for want of jurisdiction": Wight et al. v. Hovey, 17 Dist. R. 1019-20.

In this case the writ, void when issued, was not validated by events occurring subsequent thereto.

Defendant further contends that since plaintiff has had personal service of the summons issued, the remedy of the issuance of a writ of foreign attachment was not available to him whether or not defendant was a resident at the time. Counsel for plaintiff has cited the case of Stockham v. Boyd, 22 W. N. C. 118, for the proposition that a writ of foreign attachment may issue pending an action begun by summons. The report of that case discloses that a summons had been issued but that service thereof had not been made on defendant when the writ of foreign attachment was issued. The decision in that case is not controlling here.

This matter poses an interesting problem. We need not decide it, however, in view of our decision that the writ must be quashed because of defendant's residence within the county.

And now, February 28, 1953, at 9:30 a.m., the rule to show cause why the writ of foreign attachment, issued in the above matter, should not be quashed, is made absolute, and the writ is quashed, costs to be paid by plaintiff.